

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 4, 1971

Honorable Robert R. Farmer
Assistant Criminal District
   Attorney
Brazoria County Courthouse
Angleton, Texas 77515

Opinion No. M-767

Re: Whether or not members
of Pearland (a city of
less than 10,000) auxi-
liary police are "peace
officers", whether or
not city council has
authority to appoint aux-
iliary police, whether or
not such officers are sub-
ject to the requirements

Dear Mr. Farmer:
of Article 4413 (29aa).

In your recent letter you ask the following questions:

1. Is an auxiliary officer appointed under
   Article 998, Vernon's Civil Statutes, *
   a peace officer pursuant to Article 4413
   (29aa)?

2. Does the city council have the power to
   appoint auxiliary officers under Article
   998?

3. Do said officers have to be certified as
   required under the provision of Article
   4413 (29aa)?

In three separate opinions, Numbers 0-5621 (1946),
WW-997 (1961), and M-282 (1968), this office uniformly held
that auxiliary police officers of a city of a population of
less than 10,000 are "peace officers" as that term is used
in these statutes. More directly in line with the questions
you present is the discussion in Attorney General's Opinion
No. M-282, supra, dealing with the authority of an auxiliary
police officer to carry a pistol. The precise question there
was as follows:

*All references to Articles are to Vernon's Civil Statutes.

-3743-

"1.  May the City of Port Neches, not being
     covered by the Civil Service Act (Art.
     1269m, V.A.C.S.) and having a popula-
     tion of less than 10,000 organize an
     auxiliary police force when the members
     thereof do not receive compensation,
     and may these members carry weapons
     in the performance of their duties?"

To this question Opinion M-282 replied in part as follows:

"In line with the Attorney General's
Opinion No. WW-997 (1961), supra, which
the Legislature has not seen fit to void
in the seven years since its issuance,
it is the opinion of this office that if
the members of your proposed police force,
by whatever name such force may be desig-
nated, are appointed under the provisions
of, and in compliance with the requirements
of Article 998, or similar home rule char-
ter provisions, they will be peace officers
and as such, while in the actual discharge
of their official duties, will be, by the
provisions of Article 484, specifically
exempted from the prohibitions of Article
483; and accordingly, your first question
is answered in the affirmative."

Adhering to the rationale of that opinion, your first
question is answered in the affirmative.  Similarly, it follows
that the city council of Pearland does have the power to appoint
auxiliary police officers under Article 998, Vernon's Civil
Statutes.

While any peace officer, including an auxiliary offi-
cer, may be appointed on a temporary basis under the provisions
of Section 6(b) of Article 4413 (29aa), Vernon's Civil Statutes,
without qualifying under said Act, such temporary officer must
qualify and be certified within one year of his appointment to
maintain his status as a peace officer.

S U M M A R Y

The City Council of Pearland does have the authority to appoint auxiliary police pursuant to Article 998, Vernon's Civil Statutes; and such officers during their tenure are "peace officers" and must comply with the certification requirements of Article 4413 (29aa), Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Max P. Flusche, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ray McGregor
Lonny Zwiener
John Reese
Gordon Cass

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant Attorney General